IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| EVEREST RECEIVABLE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Kevin Wheeler brings this action to secure redress from unlawful collection practices engaged in by Defendant Everest Receivable Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by Plaintiff within this District;

   b. Defendant does or transacts business within this District.

### PARTIES

4. Plaintiff is a resident of New Lenox, Illinois.

5. Defendant Everest Receivable Services, Inc., is a Delaware corporation with its principal place of business in New York. It does business in Illinois. Its registered agent and office is National Registered Agents, Inc., 200 W. Adams, Chicago, Illinois, 60606.

### FACTS

6. Defendant has been attempting to collect from Plaintiff an alleged debt

incurred, if at all, for personal, family or household purposes and not for business purposes.

       7.      During March-April 2012, Plaintiff received four voicemail messages from Defendant seeking to collect such debt.

       8.      The following message, received March 15, 2012 at about 3.29 p.m., is typical:

> **Good afternoon. This message is intended solely for Mr. Kevin Wheeler. Mr. Wheeler, my name is Ms. [unclear], calling to verify the correct address for the issuance of a legally required notice. Very important that I do speak with you or anyone that could confirm this information. Sir, this is not a solicitation call by any means and we do need to speak today. The number where I can be reached to discuss this matter further will be toll free 855-613-8152. My direct extension will be 114. Sir, I do wish you a good day and good luck with this matter.**

      9.      Plaintiff was harassed and annoyed by these messages.

      10.     On April 16, 2012, at 10:54 a.m., Defendant's employee, Matt Murray, called Plaintiff's mother, Patricia Wheeler, on her cellular phone and left a message requesting that she call him at (855)753-3248.

      11.     Patricia Wheeler called Mr. Murray, who gave her a file number (203-1902) and requested that she have Plaintiff contact him.

      12.     On April 17, 2012, Plaintiff contacted Defendant and informed Mr. Murray that Plaintiff was represented by counsel. Plaintiff gave Mr. Murray his lawyer's name and telephone number.

      13.     Subsequently, on April 19, 2012, Defendant sent Plaintiff a collection letter dated April 17, 2012. (Exhibit A).

      14.     The envelope in which Exhibit A was sent displayed Defendant's business name, Everest Receivable Services, Inc., which indicates that Defendant is in the debt collection business, and that the correspondence relates to the collection of a debt. (Exhibit B).

## VIOLATIONS ALLEGED

## COUNT I - FDCPA

15. Plaintiff incorporates paragraphs 1-14.

16. Defendant violated 15 U.S.C. §1692c, by communicating about Plaintiff's alleged debt to Patricia Wheeler.

17. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection [Section 805 of P.L.]**

**. (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT II - FDCPA

18. Plaintiff incorporates paragraphs 1-14.

19. Defendant violated 15 U.S.C. §1692f(8) by including its business name, which indicates that it is in the debt collection business, on the outside of the envelope.

20. Section §1692f provides:

**§1692f. Unfair Practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(8) Using any language or symbol, other than the debt collector's address, on**

**any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

      (1)    Statutory damages;

      (2)    Attorney's fees, litigation expenses and costs of suit;

      (3)    Such other and further relief as the Court deems proper.

## COUNT III - FDCPA

21.    Plaintiff incorporates paragraphs 1-14.

22.    Defendant failed to provide the proper notice as required by 15 U.S.C. 1692g in Exhibit A.

23.    Specifically, Exhibit A violated §1692g(a)(4) by failing to inform Plaintiff that he must notify the debt collector *in writing* within thirty days if the debt or any portion thereof is disputed.

24.    Exhibit A also violated §1692g(a)(5) by failing to inform Plaintiff that upon Plaintiff's *written request* within the thirty day period, the debt collector is required to provide him with the name and address of the original creditor if different from the current creditor.

25.    Section 1692g provides:

**§1692g.    Validation of debts**. **[Section 809 of P.L.]**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt**

> collector; and
>
> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other and further relief as the Court deems proper.

                s/Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26815\Pleading\Complaint_Pleading.WPD

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

# EVEREST RECEIVABLE SERVICES, INC.

5165 Broadway Ste 112 • Depew, NY 14043
Phone: (716) 901-0670 • Fax: (716) 901-0747
Toll Free: 855-753-3248

April 17, 2012

Kevin Wheeler

Original ID#: ███████
Originator: HSBC GM
Total Balance w/ interest: $9,813.50
Original Date: 01/14/2002
Last Date: 11/03/2009
Lot Number: 2031902

Mr. Wheeler,

This is a demand for payment of the original debt incurred by you as identified above. This office has been assigned the above referenced debt and all your rights and obligations regarding the contract have been transferred to this office. This office considers this a serious matter.

Your past due contract is currently being reviewed to determine the appropriate action by this office. If you choose to resolve this matter voluntarily, you may take one of the following actions.

1. Pay the balance in full with certified funds.
2. Contact this office to make acceptable payment arrangements.

If you choose to do none of these things, this office will without further notice declare the entire balance due with interest and proceed accordingly.

You may contact this office toll free at 1-855-613-8152 Monday through Thurs 8:00 AM to 9:00 PM or Friday 8:00 AM to 4:30 PM EST, please refer to the lot number indicated above.

Federal law requires us to notify you that this is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office within 30 days of receiving this notice, this office will obtain verification of debt, or obtain a copy of a judgment, and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Everest Receivable Services, Inc.

Stephen Skinner
Director

**REDACTED**

# EXHIBIT B

**REDACTED**



KEVIN P WHEELER

Everest Receivable Services Inc
5165 Broadway #112
Depew NY 14043